**Opinion issued July 7, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00566-CR

———————————

## DIEGO SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 175th District Court**
**Bexar County, Texas[1]**
**Trial Court Cause No. 2012-CR-7790**

---

## MEMORANDUM OPINION

---

[1]    On July 1, 2014, the Texas Supreme Court ordered this appeal transferred from the Court of Appeals for the Fourth District of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).  We are unaware of any conflict between the precedent of the Court of Appeals for the Fourth District and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

A jury found appellant, Diego Sanchez, guilty of the offense of continuous sexual assault of a child[2] and assessed his punishment at confinement for 38 years.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.)

Appellant has filed a pro se response, contending that (1) the evidence is factually insufficient and (2) the State failed to bring forth DNA evidence. We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of

---

[2]      *See* TEX. PENAL CODE ANN. § 21.02 (Vernon Supp. 2014).

2

proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney, Anthony Martin Smith, must immediately send the required notice to appellant and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).